UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CARLY MUNIZ, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAKES/NATIONAL EMERGENCY PHYSICIANS, INC., JOSE AGUIRRE, and JENNIFER MOORE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   C. A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

## I.   INTRODUCTION

1. Carly Muniz, individually and on behalf of those similarly situated, brings this action against Lakes/National Emergency Physicians, Inc. ("NES"), Jose Aguirre, and Jennifer Moore (collectively, "Defendant"). The Defendant failed to pay the Plaintiff, and similarly situated employees, all earned wages and overtime in violation of the Fair Labor Standards Act 29 U.S.C. 201 *et seq.* ("FLSA") and Massachusetts wage and hour laws.

2. NES provides outsourced staffing for hospitals, health centers, and other facilities throughout the United States. NES employees, including Ms. Muniz, provide medical services for hospitals throughout the country. NES employees, including Ms. Muniz, are regularly scheduled and work in excess of 40 hours in a work week, but are not paid time and a half for those excess hours.

3. As such, Ms. Muniz brings a collective action on behalf of all NES employees as described herein pursuant to the FLSA.

## II.     PARTIES

4. Plaintiff Carly Muniz resides in Ellington, Connecticut.

5. Defendant Lakes/National Emergency Physicians, Inc. is a corporation incorporated under the laws of Missouri operating as a foreign corporation in Massachusetts with its principal place of business located at 39 Main Street, Tiburon, California 94920.

6. At relevant times, Defendant Jose Aguirre served as the President of NES and resides at an address presently unknown to the Plaintiff.

7. At relevant times, Defendant Jennifer Moore served as the President of NES and resides at an address presently unknown to the Plaintiff.

8. On information and belief, at relevant times, Defendant Jose Aguirre and Jennifer Moore had the right to hire and fire NES employees, set and control employee work schedules and the terms and conditions of their employment, and set the rate and method of their compensation.

## III.    JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367, federal question, and supplemental jurisdiction.

10. The Plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as the Defendant has its principal place of business in this District.

## IV.   FACTS

12. The Defendant operates a staffing agency which provides physicians, physicians assistants, and other staff to hospitals, health centers, and other facilities throughout the United States—including, but not limited to, in California, Alaska, Arizona, New Mexico, Texas, Oklahoma, Louisiana, Alabama, Illinois, Georgia, Ohio, Pennsylvania, New York, New Jersey, Connecticut, and Massachusetts.

13. In or around November 2017, Plaintiff Muniz was hired by EmCare to work as a physician's assistant at Holyoke Medical Center, located in Holyoke, Massachusetts.

14. Upon information and belief, in or around March of 2018, NES took over EmCare.

15. Ms. Muniz's primary place of employment was Holyoke, Massachusetts.

16. At all relevant times, NES agreed to pay the Plaintiff, and other similarly situated employees, an hourly rate.

17. The Plaintiff, and other similarly situated employees, at times work more than 40 hours in a single workweek for NES and at times as much as 50 hours.

18. Despite working more than 40 hours in a single workweek, NES fails to pay the Plaintiff, and other similarly situated employees, time and a half for the hours worked in excess of 40.

19. For example, Plaintiff Muniz was scheduled to work and did work approximately a ten hour shift each day starting March 10, 2024 through March 13, 2024 and then again on March 15, 2024 and March 16, 2024.

20. Despite working approximately 50 hours between March 10, 2024 and March 16, 2024, the Defendants failed to pay Ms. Muniz time and a half for the hours in excess of 40.

21. The employees who are similarly situated to Plaintiff Muniz are paid hourly, provide services to hospitals, health centers, and other facilities on behalf of NES, and are regularly scheduled and do work more than 40 hours within a single workweek but are not paid overtime.

22. NES subjects Plaintiff Muniz and the similarly situated employees to the same policy of scheduling them for more than 40 hours in a workweek and then failing to pay them overtime wages.

23. In or around the end of May 2024 Ms. Muniz was informed that she was being terminated.

24. Ms. Muniz's last day of employment was June 30, 2024.

25. As of June 30, 2024, Ms. Muniz had worked but not been paid for 80 hours.

26. On June 30, 2024, Ms. Muniz demanded payment of her wages from NES.

27. Ms. Muniz was not paid all her earned wages on June 30, 2024.

## COUNT I
### NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
### 29 U.S.C. §§ 201 *et seq*.

28. The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

29. The Defendant has at all relevant times been an "enterprise" within the meaning of Section 3(r) of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*.

30. The Defendant has at all relevant times been "an enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

31. On information and belief, at all relevant times, the Defendant has had an annual gross revenue exceeding $500,000.00, used products to conduct its business that originated outside of Massachusetts, and handled credit card transactions.

32. Under 29 U.S.C. § 207(a), "no employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed."

33. The Defendant is and at all times material hereto has been an employer of the Plaintiff and similarly situated employees for purposes of the FLSA.

34. Defendant Jose Aguirre and Jennifer Moore, are and at all times material hereto have been an employer of the Plaintiff and similarly situated employees for purposes of the FLSA.

35. By failing to pay overtime wages at a rate of not less than one-half times the regular rate for each workweek in excess of forty hours, the Defendant violated 29 U.S.C 207(a).

36. Defendant's failure to pay the Plaintiff and similarly situated employees overtime wages was done either willfully or with reckless disregard of the FLSA.

37. The Defendant consistently fails to pay the Plaintiff and similarly situated employees all overtime wages they are due under the FLSA.

38. Under 29 U.S.C. § 216(b), "any employer who violated the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

39. As a result, Defendant's violation of the FLSA entitles the Plaintiff and similarly situated employees to recover their unpaid overtime wages, interest, liquidated damages (in an amount equal to their unpaid overtime wages), reasonable attorneys' fees, and the costs of this action.

## COUNT II
## NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

40. The Plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

41. M.G.L. c. 149, § 148 mandates the timely payment of all earned wages.

42. Section 148 provides, in relevant part, "any employee discharged from such employment shall be paid in full on the day of his discharge."

43. By failing to pay the Plaintiff her earned wages on time and in full, the Defendant violated the Wage Act.

44. The Defendant's failure to comply with M.G.L. c. 149, § 148 entitles the Plaintiff to recover treble damages, interest, reasonable attorney's fees, costs, and injunctive relief pursuant to M.G.L. c. 149, § 150.

WHEREFORE, the Plaintiff requests that the Court:

1. Certify this case as a collective action pursuant to 29 U.S.C. 201 *et seq.*;

2. Award unpaid overtime wages, interest, liquidated damages, reasonable attorneys' fees, and the costs of this action pursuant to 29 U.S.C. §§ 201 *et seq.* in an amount to be determined at trial on behalf of the Plaintiff and similarly situated employees; and

3. Award treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for unpaid wages in an amount to be determined at trial on behalf of the Plaintiff; and

4. Award such other relief that the Court deems just.

## JURY DEMAND

The Plaintiff demands a trial by jury for all claims.

Respectfully submitted,

CARLY MUNIZ,
By her attorneys,

*/s/  Matthew Patton*

_____
Raven Moeslinger (BBO No. 687956)
Nicholas F. Ortiz (BBO No. 655135)
Matthew Patton (BBO No. 703798)
Law Office of Nicholas F. Ortiz, P.C.
One Boston Place, Suite 2600
Boston, MA 02108
(617) 338-9400
mdp@mass-legal.com

Dated: August 9, 2024